JUSTIN M. MYERS (10043)
Justin M, Myers, Attorney-at-Law, LLC
1122 W. South Jordan Pkwy., Suite A
South Jordan, Utah 84095
Telephone: (801) 572-0504
Facsimile: (801) 326-4706

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH**

| In Re:<br>THANE JOSEPH BRERETON, JR.<br>STEPHANIE J. BRERETON<br><br>Debtor(s). | Case No.: 17-30714<br>Chapter: 13 |
|---|---|

**NOTICE OF PRECONFIRMATION MODIFICATION TO CHAPTER 13 PLAN**

**PLEASE TAKE NOTICE** that the Debtor(s) has filed with the United States Bankruptcy Court for the District of Utah a request to modify the previously filed Chapter 13 Plan under 11 U.S.C. § 1323. The Debtor(s) moves the Court for confirmation of the Plan as modified without further notice and hearing. In support thereof, the Debtor(s) represents as follows:

The most recently filed plan is hereby modified as follows:

| Plan Part No. | Previously Filed Plan Provision | Plan as Modified |
|---|---|---|
| 2.1 | **Debtor(s) will make regular payments to the trustee as follows:**<br>**$250** per **Month** for **60** months<br>*Insert additional lines if needed.*<br><br>If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan. | **Debtor(s) will make regular payments to the trustee as follows:**<br>**$250** per **Month** for **8** months<br>**$350** per **Month** for **52** months<br>*Insert additional lines if needed.*<br><br>If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan. |
| 3.2 | **The claims of Kay Jewelers and United Consumer Financial Services shall remain as listed in the plan or as previously modified without further change.   The claim of HLS Nevada LLC, Nevada West Financial shall be modified as set forth below:**<br>**Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*<br><br>☐ **None.** *If "None" is checked, the rest of § 3.2 need* | **The claims of Kay Jewelers and United Consumer Financial Services shall remain as listed in the plan or as previously modified without further change.   The claim of HLS Nevada LLC, Nevada West Financial shall be modified as set forth below:**<br>**Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*<br><br>☐ **None.** *If "None" is checked, the rest of § 3.2 need* |

| | | |
|---|---|---|
| | *not be completed or reproduced.*<br><br>☒ (The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.<br><br>The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.<br><br>The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:<br><br>(a) payment of the underlying debt determined under nonbankruptcy law, or<br><br>(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor<br>**Name of creditor:   HLS Nevada LLC Nevada West Financial**<br>**Estimated amount of creditor's total claim: $16,432.00**<br>**Collateral:   2004 Ford F-250 Superduty**<br>**Value of collateral: $5,000.00**<br>**Amount of claims senior to creditor's claim:   $0.00**<br>**Amount of secured claim:   $5,000.00**<br>**Interest Rate:   5.00%**<br>**Monthly payment to creditor: $165.00**<br>**Estimated total of monthly payments: $5,500.00** | *not be completed or reproduced.*<br><br>☒ (The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.<br><br>The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.<br><br>The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:<br><br>(a) payment of the underlying debt determined under nonbankruptcy law, or<br><br>(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor<br>**Name of creditor:   HLS Nevada LLC Nevada West Financial**<br>**Estimated amount of creditor's total claim: $16,432.00**<br>**Collateral:   2004 Ford F-250 Superduty**<br>**Value of collateral: $10,000.00**<br>**Amount of claims senior to creditor's claim:   $0.00**<br>**Amount of secured claim:   $10,000.00**<br>**Interest Rate:   8.00%**<br>**Monthly payment to creditor: $250.00**<br>**Estimated total of monthly payments: $12,166.00** |
| 3.2 | **The claims of Kay Jewelers and United Consumer Financial Services shall remain as listed in the plan or as previously modified without further change.   The claim of HLS Nevada LLC, Nevada West Financial shall be modified as set forth in the above Paragraph. No other claims were previously list in Paragraph 3.2.** | **The claims of Kay Jewelers and United Consumer Financial Services shall remain as listed in the plan or as previously modified without further change.   The claim of HLS Nevada LLC, Nevada West Financial shall be modified as set forth in the above Paragraph. The Claim of the USTC shall be added as follows:**<br><br><br>**Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.* |

|  |  | ☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*<br><br>☒ (The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.<br><br>The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.<br><br>The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:<br><br>(a) payment of the underlying debt determined under nonbankruptcy law, or<br><br>(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor<br>**Name of creditor:   USTC**<br>**Estimated amount of creditor's total claim: $757.84**<br>**Collateral:   HHG**<br>**Value of collateral: $757.84**<br>**Amount of claims senior to creditor's claim:   $0.00**<br>**Amount of secured claim:   $757.84**<br>**Interest Rate:   3.00%**<br>**Monthly payment to creditor: $15.00**<br>**Estimated total of monthly payments: $850.00** |
|---|---|---|

1. The modification does not negatively impact secured, priority, or nonpriority unsecured creditors.

2. Under § 1323(c), any holder of a secured claim that has accepted or rejected, as the case may be, the prior plan is deemed to have accepted or rejected the plan as modified, unless the modification provides for a change in the rights of such holder from what such rights were under the plan before modification, and such holder changes such holder's previous acceptance or rejection.

THEREFORE, because the modification does not require notice to creditors, the Debtor(s) request the Court to confirm the Plan as modified without further notice or hearing.

DATED: August 13, 2018

/s/ Justin Myers

_____

Attorney for Debtor(s)

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing **PRECONFIRMATION MOTION TO MODIFY CHAPTER 13 PLAN AND TO CONFIRM SUCH PLAN WITHOUT NOTICE OR HEARING** was served electronically to all parties entitled to receive CM/ECF notice in this case. Notice of this modification was mailed to the following creditors ONLY:

Utah State Tax Commission
210 N. 1950 W.
Salt Lake City, UT 84134

HLS of Nevada LLC
C/O Chase A. Adams
Adams Law PLLC
765 E. 9000 S. Suite A-1
Sandy, UT 84094

DATED: August 13, 2018           /s/ Justin Myers

                                 _____

                                 Attorney for Debtor(s)